RECEIVED
IN LAKE CHARLES, LA

SEP 19 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID EVETT** | |
| | CIVIL ACTION NO. 06-1247 |
| -vs- | |
| | JUDGE TRIMBLE |
| **PPG INDUSTRIES, INC. AND JOHN HENDERSON** | |

## MEMORANDUM RULING

Before the court is a motion to dismiss [Doc. #1] filed by defendants PPG Industries, Inc. ("PPG") and John Henderson ("Henderson"). Plaintiff David Evett ("Evett") opposes the motion [#12]. Defendants also filed a reply to Evett's response [#13]. For the following reasons, the motion will be GRANTED.

### I. FACTUAL BACKGROUND

Evett, an employee of the Elliott Ebara Group, worked at PPG's facility in Calcasieu Parish. Specifically, Evett's duties included the "inspection, repairs and start up of certain turbines and associated equipment and parts." Original Pet. Damages ¶ 3. Evett alleges that despite his recommendations to PPG employees including Henderson, the governor valve of the turbine was set to "fail open" rather than "fail closed." As a result, during a test of the governor on or about 15 April 2005, an explosion occurred, throwing Evett against a handrail. Due to the accident, Evett injured his spinal column, aggravated a prior cervical condition, and sustained additional injuries to the cervical and lumbar areas. Id. ¶ 5.

Evett filed the instant lawsuit on 14 June 2006 in the Fourteenth Judicial District Court, Parish of Calcasieu, State of Louisiana, seeking damages for pain and suffering, mental anguish and anxiety, physical and mental disability, anxiety, emotional distress, psychological injury, medical expenses, lost wages, and interest from the defendants [#3]. Defendants timely removed the action to this court on 24 July 2006 [#6].

## II. LEGAL STANDARD

In evaluating a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court accepts "the facts alleged in the complaint as true, [but] if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," the motion to dismiss will be granted. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir. 1995). In other words, the plaintiff must provide factual assertions in the complaint that, if taken as true, could lead to relief. While failure to provide facts to support a claim may lead to dismissal under FED. R. CIV. P. 12(b)(6), the court must construe the complaint liberally. Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).

"[C]onclusory allegations or unwarranted deductions of fact" are not sufficient, however, to avoid dismissal. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted). Instead, the "plaintiff must plead specific facts." Id. (internal quotation marks omitted). In addition, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Even if the factual allegations are not conclusory, though, dismissal may still be

2

appropriate if "the law simply may not afford relief on the basis of the facts alleged in the complaint." Walker v. S. Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990). As such, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). "A dismissal for failure to state a claim upon which relief can be granted is a disfavored means of disposing of a case." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000). District courts should avoid such dismissals "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

## III. DISCUSSION

The question before the court in this motion is whether Evett's claims against PPG and Henderson are time-barred. PPG and Henderson argue that Louisiana's liberative prescription of one year dictates that Evett's claim is prescribed. Defs.' Mem. 2. Evett contends that Executive Orders issued by Louisiana Governor Kathleen Babineaux Blanco in the wake of Hurricanes Katrina and Rita effectively extended the tolling of the liberative prescription period, making his claims timely. Pl.'s Opp. 2-3.

In diversity cases such as this, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period. Hensgens v. Deere & Co., 869

F.2d 879, 880 (5th Cir. 1989). The Louisiana Civil Code provides that "[d]elictual actions are subject to a liberative prescription[1] of one year. This prescription commences to run from the day injury or damage is sustained." LA. CIV. CODE art. 3492. Based on this statutory framework, Evett sustained injuries more than one year prior to the filing of his lawsuit, and his petition would appear to be prescribed on its face. The inquiry does not end here, however.

Evett asserts that his claim did not prescribe until 15 July 2006, ninety-one days after his accident. He bases this assertion on Executive Orders 32, 48, and 67, issued by Governor Blanco on 6 September 2005, 23 September 2005, and 19 October 2005 respectively, which successively extended the emergency suspension of prescription, peremption and other legal deadlines.

Recognizing the extent of the statewide emergency caused by Hurricanes Katrina and Rita, the Louisiana Legislature "approved, ratified, and confirmed" the "action of the governor of this state in issuing Executive Orders KBB 2005-32, 48, 67," "subject to the provisions of R.S. 9:5822 through 5825." LA. REV. STAT. § 9:5821. Revised Statute § 9:5822 provides in pertinent part:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This

---

[1] "Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." LA. CIV. CODE art. 3447.

4

limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.

Id. § 9:5822(A). Parties or attorneys domiciled in Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion Parishes[2] could seek a further, albeit limited, extension until 1 June 2006. See id. § 9:5824(B)(1). "The party seeking an additional suspension and/or extension . . . bear[s] the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met." Id.

Here, the prescriptive period for Evett's claims ended on 16 April 2006. Thus, it does not meet the restrictions set forth in § 9:5822(A). Moreover, Evett has not made any showing that he is entitled to any suspension or extension as provided in § 9:5824(B)(1). Even if he had satisfied this burden, his claim should have been filed by 1 June 2006. As it was filed on 14 June 2006, it is not timely and therefore must be dismissed.

---

[2] It is far from clear that this provision would apply to Evett. The accident in question occurred in Calcasieu Parish. Evett alleges that he is domiciled in Texas. Moreover, his lawyer's offices are in Lafayette Parish.

## IV. CONCLUSION

Based on the foregoing, defendants' motion to dismiss will be granted, dismissing plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Lake Charles, Louisiana

19th September 2006

                                       JAMES T. TRIMBLE, JR.
                                       UNITED STATES DISTRICT JUDGE